**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**


| | | |
|---|---|---|
| **TOOR DALJIT SINGH, #A 77424826,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:08-CV-2162-O** |
| | ) | |
| **MICHAEL MUKASEY, et al.,** | ) | |
| **Respondents.** | ) | |


**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Presently before the court, is Respondent's motion to dismiss the petition for habeas

corpus relief filed by a detainee of Immigration Customs Enforcement (ICE) pursuant to 28

U.S.C. § 2241, et seq.  Petitioner has not filed a response.

Petitioner, a native and citizen of India, subject to a final order of removal, filed this

petition seeking release from ICE's custody pending his removal.  At the time of filing this

action, Petitioner was incarcerated at the Rolling Plains Detention Center in Haskell, Texas.  On

January 9, 2009, ICE released him from custody on an order of supervision.  (Respondent's Mot.

to Dismiss at 4 and Supplemental Document to Mot. to Dismiss at 1).  As of the date of this

recommendation, Petitioner has not advised the court of his new address.[1]

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined. *Lane v. Williams,* 455 U.S. 624, 631 (1982). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen,* 857 F.2d 267, 270 (5th Cir. 1988).

The only relief sought in the petition was release from custody pending removal. (Petition at 5 and 17-18). Since ICE released Petitioner on an order of supervision on January 9, 2009, his only ground for relief is now moot and this court lacks jurisdiction to consider his petition.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Respondent's motion to dismiss be GRANTED and that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction, the same being moot.

---

[1]     Respondents' motion to dismiss reflects that Petitioner is residing at 2606 Silverdale Lane, Garland, Texas 75044.

2

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 9th day of February, 2009.

_WM. F. Sanderson Jr._

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.